IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Ron Tearia Nicholas, #231677, ) | |
| ) | Civil Action No. 8:04-2031-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| John Pate and Robert Ward, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on June 30, 2004, against the defendants, employees of the South Carolina Department of Corrections ("SCDC"), seeking damages for alleged civil rights violations. On November 12, 2004, the defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. By order filed November 18, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response in opposition to the motion on December 15, 2004. The plaintiff also filed a motion for partial summary judgment on December 15, 2004, and a motion to compel on February 7, 2005.

**FACTS PRESENTED**

At the time of the alleged incidents, the plaintiff was an inmate at the Allendale Correctional Institution ("ACI"). He alleges that on six different occasions he "was stripped of all of his property to include personal, religious, all clothing and bedding for the alleged disciplinary infraction of 2.09 sexual misconduct." He alleges that he was left in his cell under these conditions for a total of 75 days. The plaintiff contends that the defendants' actions amounted to cruel and unusual punishment and that he did not receive due process. He seeks compensatory damages in the amount of $100,000 against each defendant and punitive damages in the amount of $5,000,000 against each defendant.

The plaintiff's claims can be grouped into three categories: (1) denial of due process; (2) inhumane conditions of confinement; and (3) inadequate medical attention. He contends that the defendants violated his due process rights by imposing strip cell conditions upon him without providing a disciplinary hearing. The plaintiff further alleges that the strip celling deprived him of "basic human necessities" and that he suffered physical pain and discomfort by having to sleep without clothing or bedding and from being blasted by cold air. Finally, the plaintiff alleges that his medical complaints about the injuries he suffered were ignored by prison officials.

**APPLICABLE LAW**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a

2

fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## ANALYSIS

*Eleventh Amendment*

Both defendants are employed by SCDC; defendant Pate was the acting warden at ACI at the time of the alleged incidents and defendant Ward is employed at SCDC headquarters. As state officials and employees acting in their official capacities, the defendants are protected by Eleventh Amendment immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-71 (1989). The Supreme Court has stated:

> Section 1983 provides a forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity.

*Id*. at 66. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office... . As such, it is not different from a suit against the State itself... ." *Id.* at 71 (citations omitted). Thus, as to this action brought against the defendants in their official capacities, the complaint fails to state a cause of action and must be dismissed.

*Eighth Amendment*

The plaintiff alleges that the discipline imposed upon him, that of stripping his cell of all belongings and forcing him to sleep on the floor of his cell, violated the Eighth Amendment prohibition against cruel and unusual punishment during confinement. *See Whitley v. Albers*, 475 U.S. 312 (1986). The Eighth Amendment "not only out-laws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *see Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298; *Williams*, 77 F.3d at 761;

*Strickler v. Walters*, 989 F.2d 1375 (4th Cir. 1983). Formally imposed punishment is cruel and unusual if it involves "the unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), but the Supreme Court has noted that harsh conditions and rough disciplinary treatment are part of the price that convicted individuals must pay for their offenses against society. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In order to state a viable Eighth Amendment claim for cruel and unusual punishment, therefore, the plaintiff must show that the defendants' conduct seriously deprived him of a basic human need, resulting in serious and significant physical or emotional injury resulting from the challenged condition. He then must show that the conduct of the prison officials constituted deliberate indifference to a prison condition that rises to the level of punishment.

In this case, the plaintiff has shown neither a deprivation of a basic human need resulting in an injury to him, nor deliberate indifference on the part of the defendants. Other than his unsubstantiated claims, there is no evidence that the plaintiff suffered any injury. The infirmary treatment notes indicate that he reported back pain from sleeping on the floor, but he was given ibuprofen and reported no other complaints. To the extent that the plaintiff is claiming excessive force, this claim clearly falls under the rule that even if a plaintiff alleges a technical violation of his rights, he may not recover if he suffered no more than *de minimis* injury. *See Robles v. Prince George's County*, 302 F.3d 262, 270 (4th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003).

Additionally, the incident reports in the record indicate that the plaintiff had committed repeated violations of the prison sexual misconduct policy. The plaintiff himself admits that the stripping of his cell was the result of his disciplinary violations.[1] The sentence imposed upon him was rationally related to the objective of the prison officials to

---

[1] The inmate memos in the record show that the plaintiff was written up for sexual misconduct on at least eight different occasions between May 16 and September 19, 2001. The memo on May 31, 2001, indicates that he had received 13 charges for the same offense in less than a year. Some of these incidents occurred only days apart, resulting in progressive discipline, *i.e*, starting with his cell being stripped out for five days, then 10 days, then 20 days.

5

maintain order in the prison. The plaintiff was already being housed in an administrative segregation unit in the prison (pl. aff., December 15, 2004, at 1). *See Hudson v. McMillian*, 503 U.S. 1 (1992); *United States v. Cobb*, 905 F.2d 784 (4th Cir. 1990), *cert. denied*, 498 U.S. 1049 (1991) (in reviewing excessive force case, courts must look at factors such as the need for application of force, the relationship between the need and amount of force used, and extent of injury inflicted).

The plaintiff also complains that the defendants exposed him to cold air while his cell was stripped. These conclusory allegations are insufficient to state an Eighth Amendment claim. As noted above, the plaintiff has not shown that he suffered a serious injury as a result of cold air allegedly being blown into his cell. The plaintiff's claim clearly falls under the rule that even if a plaintiff alleges a technical violation of his rights, he may not recover if he suffered no more than *de minimis* injury. *See Robles v. Prince George's County*, 302 F.3d at 270. Moreover, the plaintiff has not shown that the defendants' conduct amounted to deliberate indifference, as set forth in *Strickler*. Accordingly, this claim must fail.

*Due Process Claim*

The plaintiff also arguably makes a claim for a violation of due process, arguing that punishment was imposed upon him without first affording him a disciplinary hearing to determine his guilt or innocence. The plaintiff attaches copies of the memoranda from the assistant warden to the plaintiff regarding the charges of sexual misconduct against him. In the first memorandum, dated May 16, 2001, and referencing a sexual misconduct charge on May 14, 2001, no punishment was administered. However, each charge after that date, in accordance with SCDC policy, carried with it punishment of an increasing number of days of strip celling. The plaintiff was given notice on May 16, 2001, that his conduct would not be tolerated and that corrective action would be taken in the future if he continued to engage in such conduct in violation of the rules. The plaintiff clearly admits that he violated SCDC

6

policy. In addition, each time he violated the rules, he was given notice that punishment would be rendered and that it would increase if he continued to violate the prison policy. Under the prison regulations, the punishment meted out was reasonable and no disciplinary hearing was required before the punishment could be enforced. Accordingly, this claim is without merit.

*Plaintiff's Motion for Summary Judgment*

Lastly, the plaintiff has filed a motion for summary judgment against the defendants, arguing that there are genuine issues of material fact "heavily in dispute." As noted above, there is no genuine issue of material fact presented by the plaintiff and thus his motion for summary judgment based on the evidence must be denied.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment be granted. It is further recommended that the plaintiff's motion for summary judgment be denied. The plaintiff's motion to compel will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, the motion will be rendered moot.

Bruce H. Hendricks
United States Magistrate Judge

May 25, 2005

Greenville, South Carolina

7