UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Ron Tearia Nicholas, # 231677,          )          C/A No. 8:04-2031-RBH
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )          ORDER
                                        )
John Pate and Robert Ward,              )
                                        )
                    Defendants.         )
_____       )

Plaintiff Ron Tearia Nicholas is an inmate of the South Carolina Department of Corrections ("SCDC"). At the time of the filing of this lawsuit, plaintiff was an inmate with the Allendale Correctional Institution ("ACI"). Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. In particular, the plaintiff alleges denial of due process, inhumane conditions of confinement, and inadequate medical attention.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. This matter is before the Court on defendant's motion for summary judgment filed November 12, 2004. By order filed November 18, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response to the motion for summary judgment on December 15, 2004. The plaintiff also filed a motion for partial summary judgment on December 15, 2004, and a motion to compel on February 7, 2005. On May 25, 2005, United States Magistrate Hendricks issued a Report and Recommendation ("the Report") analyzing the issues and recommending that the District

1

Court grant the defendants' motion for summary judgment and deny the plaintiff's motion for summary judgment. The plaintiff timely filed objections to the Report on June 3, 2005. In his objections, "Plaintiff does not object to the Magistrates Recommendation Regarding his Eighth Amendment claim. However, he does strongly object to the Recommendations Involving the Due Process." (Objections p. 1.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## Facts

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in her Report and Recommendation. The Court therefore adopts the Magistrate Judge's version of the facts in this case to the extent such facts are not specifically included herein.

Plaintiff alleges that on six different occasions he "was stripped of all of his property to include personal, religious, all clothing and bedding for the alleged disciplinary infraction of 2.09 sexual misconduct." He alleges that he was left in his cell under these conditions for a total of 75 days. The plaintiff contends that the defendants' actions amounted to cruel and unusual punishment and that he did not receive due process. He seeks compensatory damages in the amount of $100,000 against each defendant and punitive damages in the amount of $5,000,000 against each defendant.

The plaintiff's claims can be grouped into three categories: (1) denial of due process; (2)

2

inhumane conditions of confinement; and (3) inadequate medical attention. He contends that the defendants violated his due process rights by imposing strip cell conditions upon him without providing a disciplinary hearing. As mentioned above, the plaintiff does not contest the granting of summary judgment as to his Eighth Amendment claims.

## Discussion

Plaintiff's objection is that "when the defendants filed their summary judgment motion, they did not contest or raise any defense against the due process claim, thus giving plaintiff the impression that they had conceded the issue." (Objections p. 2.) The plaintiff argues that the Magistrate Judge raised and argued the due process argument herself when the issue was not properly before her.

In the Report, the Magistrate Judge analyzed not only defendants' motion for summary judgment, but also the plaintiff's motion for summary judgment. The defendants' motion for summary judgment asserts that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law in this case. They do not limit that assertion to plaintiff's Eighth Amendment claims or "concede" that they have violated his due process rights. Even if the plaintiff is correct that the defendants' motion does not raise the issue, plaintiff's own motion for partial summary judgment raises the issue of his due process claim. In that motion, plaintiff asserts that the defendants imposed seventy-five (75) days of strip-cell on the Plaintiff for alleged disciplinary infractions without first affording him a disciplinary hearing to determine his innocence or guilt. He alleges this was in violation of SCDC policy and therefore he has been denied due process.

Defendants argue that they are entitled to Eleventh Amendment immunity. Both defendants are employed by SCDC; defendant Pate was the acting warden at ACI at the time of the alleged incidents and defendant Ward is employed at SCDC headquarters. As state officials and employees

3

acting in their official capacities, the defendants are protected by Eleventh Amendment immunity.

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-71 (1989). The Supreme Court has stated:

> Section 1983 provides a forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity.

*Id*. at 66. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is not different from a suit against the State itself. . . ." *Id*. at 71 (citations omitted). The plaintiff has sued the defendants both in the individual and official capacities. Therefore, to the extent this action is brought against the defendants in their official capacities, the complaint fails to state a cause of action and must be dismissed.

The plaintiff's due process argument is that punishment was imposed upon him without first affording him a disciplinary hearing to determine his guilt or innocence. The plaintiff has provided the court with copies of the memoranda from the assistant warden to the plaintiff regarding the charges of sexual misconduct against him. Plaintiff received a May 16, 2001 memorandum referencing a sexual misconduct charge on May 14, 2001, but no punishment was administered. However, in accordance with SCDC policy, each charge after that date carried with it punishment of an increasing number of days of strip celling. The May 16, 2001, memorandum gave the plaintiff notice that his conduct would not be tolerated and that corrective actions would be taken should he choose to continue to engage in conduct in violation of SCDC rules.

Prisoners cannot be subjected to arbitrary punishment by prison officials. *Howard v. Smyth*, 365 F.2d 428, 431 (4th Cir. 1966). An inmate is entitled to prior notice or fair warning of proscribed conduct before he may be deprived of a liberty interest. *Gaston v. Taylor*, 946 F.2d 340, 342 (4th Cir.

4

1991). The question for the Court, therefore, is whether plaintiff is alleging deprivation of a liberty interest.

The Fourth Circuit has stated:

> Although the Fourteenth Amendment prohibits a state from depriving a defendant of liberty without due process of law, when the defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of his sentence. Embraced in his loss of liberty is his consignment to a prison regimen, managed by prison officials who by necessity are given broad discretion in the administration of his confinement. *See Hewitt v. Helms,* 459 U.S. 460, 467 (1983). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976). Any review, therefore, of prison discretion begins with a recognition that the liberty interest of a convicted defendant is substantially restricted and his confinement is properly subject to the management of prison officials, who for the order of the prison, the safety of prisoners, and the safety of themselves must have broad discretion in the management of the prison.

*Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). However, confinement to prison does not strip a prisoner of all liberty interests. A prisoner's term of imprisonment cannot be shortened or modified by rights conveyed to him under state law without due process. *See, e.g., Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1 (1979) (state right to mandatory parole); *Wolff v. McDonnell,* 418 U.S. 539 (1974) (state right to good-time credits). Additionally, punishment or confinement beyond that contemplated by the original sentence can be imposed only with procedures satisfying due process. *See Vitek v. Jones,* 445 U.S. 480, 493 (1980) (involuntary transfer to a mental hospital). Changes in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges--matters which every prisoner can anticipate are contemplated by his original sentence to prison--are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage the prisons

5

safely and efficiently. *See Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454 (1989); *Hewitt, supra; Meachum v. Fano,* 427 U.S. 215 (1976). Thus, a prisoner's liberty interests protected by the Fourteenth Amendment are only those which were not taken away, expressly or by implication, in the original sentence to confinement.

As discussed above, as a prisoner, plaintiff has necessarily lost some of his liberty interests. Prison officials are given broad discretion in the administration of the conditions of confinement. As discussed in the Report and Recommendation, to which plaintiff does not object, the plaintiff has failed to establish an Eighth Amendment violation in the use of cell-stripping by the defendants. Additionally, plaintiff does not allege that the actions of the defendants in any way changed the length of his confinement. Consequently, plaintiff does not allege a liberty interest sufficient to establish a right to due process and his allegations are not subject to this Court's judicial oversight. *See Montanye, supra*.

## Conclusion

After a review of the case law and record before it, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules plaintiff's objections. For the reasons stated therein and in this order, defendants' motion for summary judgment is **GRANTED** and plaintiff's motion for summary judgment is **DENIED**. All pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

July 26, 2005
Florence, SC

6